The Honorable Mike Burris State Representative 2911 Dyer Street Malvern, AR 72104-6188
Dear Representative Burris:
I am writing in response to your request for my opinion on the following question:
Would the provision of a stipend to offset expenses and time of First Responders for the Lake Hamilton Fire Protection Association jeopardize the volunteer standing of these RNs, paramedics and EMTs under Arkansas' Good Samaritan law (A.C.A. § 17-95-101)?
RESPONSE
In my opinion, as of July 31, 2007, when Act 683 of 2007 takes effect, the "first responders" referenced in your request would not enjoy qualified immunity under the "Good Samaritan" law regardless of whether they accepted compensation or reimbursement for rendering emergency services. Under the version of the Good Samaritan law in effect until July 31, 2007, I believe the first providers referenced in your request would fall within the protection of the Good Samaritan law only if they accepted no compensation or reimbursement for providing emergency services.
The Arkansas "Good Samaritan" law, A.C.A. § 17-95-101 (Repl. 2002), as amended by Acts 2007, No. 683, provides in pertinent part[1]:
(a) Any person licensed as a physician or surgeon under the laws of the State of Arkansas or any other person, who, in good faith, lends emergency care or assistance without compensation at the place of an emergency or accident, and who was acting as a reasonable and prudent person would have acted under the circumstances present at the scene at the time the services were rendered, shall not be liable for any civil damages for acts or omissions performed in good faith as long as any act or omission resulting from the rendering of emergency assistance or services was not grossly negligent or willful misconduct.
(b) Any person who is not a physician, surgeon, nurse, or other person trained or skilled in the treatment of medical emergencies who is present at an emergency or accident scene, and who:
(1) Believes that the life, health, and safety of an injured person or a person who is under imminent threat of danger could be aided by reasonable and accessible emergency procedures under the circumstances existing at the scene thereof;
(2) Proceeds to lend emergency assistance or service in a manner reasonably calculated in good faith to lessen or remove the immediate threat to the life, health, or safety of such a person;
(3) Lends only such emergency care or assistance as a reasonable and prudent person concerned for the immediate protection of the life, health, and safety of the person for whom the services were rendered would lend under the circumstances,
shall not be held liable in civil damages in any action in this state for any harm, injury, or death of any such person so long as the person rendering such services acted in good faith and was acting as a reasonable and prudent person would have acted under the circumstances present at the scene at the time the services were rendered act or omission resulting from the rendering of emergency assistance or services unless the act or omission was not in good faith and was the result of gross negligence or willful misconduct.
(Emphasis added.) Act 683 did not contain an emergency clause, meaning the statute as amended will become effective as of July 31, 2007. See Ark. Op. Att'y Gen. No. 2007-164.
Subsection (a) of the statute in its current, unamended form extends a qualified immunity not only to physicians and surgeons who administer emergency care without compensation, but also to "any other person" who does so. However, subsection (b), without ever mentioning the issue of compensation, extends a qualified immunity only to persons who are not "trained or skilled" in administering emergency care. I am inclined on balance to concur with one of my predecessors in the following conclusion:
With regard to your questions about the liability of "medical First Responders," under the "Good Samaritan Law," it must be noted again that if the "medical first responders" are trained or skilled in the treatment of medical emergencies, and receive compensation for their efforts, the "Good Samaritan Law" will not immunize them.
Ark. Op. Att'y Gen. No. 97-060. Under the currently effective version of the statute, then, I believe the first responders referenced in your request would enjoy the protections of the Good Samaritan law only if they accepted no compensation or reimbursement for providing emergency services.
By contrast, under the amended version of the statute that will take effect on July 31, 2007, I do not believe the first responders at issue in your request would fall within the protection of the Good Samaritan law under any circumstances. As amended, subsection (a) of the statute just quoted extends a qualified immunity only to licensed physicians and surgeons who render emergency care without compensation. As of July 31, 2007, this subsection will not apply to the "first responders" referenced in your request — a group you describe as comprising "registered nurses, paramedics and emergency medical technicians."
As reflected in the highlighted portion of subsection (b) of the amended statute, to the extent that the "first responders" about whom you have inquired are "trained or skilled in the treatment of medical emergencies" — a description that would certainly appear to apply to registered nurses, paramedics and emergency medical technicians — they would likewise be denied the qualified immunity described in that subsection.
You have not asked about the potential applicability of various other statutes, perhaps most notably A.C.A. § 16-5-101 (Repl. 1999), which provides:
(a) No volunteer fire fighter or board member of a volunteer fire department, nor administrative personnel of a volunteer fire department, shall be civilly liable for personal injury or property damage resulting from any act or omission of a volunteer fire fighter in carrying out his or her official duties as a fire fighter if the act or omission was in good faith and did not constitute gross negligence.
(b) The provisions of this section shall not apply to volunteer fire departments of incorporated cities or towns.
I am unaware whether first responders serving the Lake Hamilton Fire Protection Association may be entitled to qualified immunity pursuant to either this statute, the Arkansas Volunteer Immunity Act, A.C.A. §16-6-101 through-105 (Repl. 1999), or the Arkansas Emergency Services Act, A.C.A. § 12-75-101 through-131 (Repl. 2003 Supp. 2005). The possible applicability of these acts in this instance will depend of the nature of the Association and is consequently best addressed by local counsel acquainted with all of the pertinent facts.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The passages stricken through in the recited statute were deleted, and the passages underlined were added, pursuant to Act 683.